# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES DOMINIC DENNIS, :

      Plaintiff, : CIVIL ACTION NO. 1:09-0656

  v. : (KANE, C.J.)
                   (MANNION, M.J.)

JAMES EVANS, NEWPORT :
TOWNSHIP POLICE DEPARTMENT,
WILKES-BARRE TOWNSHIP :
POLICE DEPARTMENT (part time),
                            :

      Defendants

## REPORT AND RECOMMENDATION[1]

On April 13, 2009, the plaintiff, an inmate at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, filed his civil rights action pursuant to 42 U.S.C. §1983 in which he alleges violations of his constitutional rights. (Doc. No. 1). The plaintiff failed to file the appropriate financial forms which prompted the 30 Day Administrative Order to be issued. (Doc. No. 4). On April 29, 2009 the plaintiff filed the appropriate forms. (Doc. No. 5; Doc. No. 6). On May 12, 2009 this Court ordered that the plaintiff's complaint be served. (Doc. No. 8). On June 4, 2009 the plaintiff informed the court that he was no longer incarcerated and the court issued an order directing the plaintiff to file

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

the appropriate *in forma pauperis* motion or pay the appropriate filing fee.

On July 9, 2009 the plaintiff filed a motion to amend his complaint. (Doc. No. 16). On July 31, 2009 this Court ruled on several of the plaintiff's motions, one of which was granting his motion to amend. The plaintiff was given specific instructions concerning the amended complaint, including that it be filed by August 20, 2009 and "Should the plaintiff fail to file his amended complaint within the required time period, or fail to follow the above mentioned procedures, a recommendation will be made to dismiss this action." (Doc. No. 28). On September 29, 2009 the plaintiff filed an *untimely* motion requesting additional time to file his amended complaint. (Doc. No. 32). In light of his *pro se* status, on September 30, 2009 this Court granted his motion for additional time to file an amended complaint. In that order the court specifically noted that "The motion will be [granted] one final time. The plaintiff shall have until October 30, 2009 to file an amended complaint....Should the plaintiff fail to file his amended complaint within the required time period, or fail to follow the above mentioned procedures, a recommendation will be made to dismiss this action." (Doc. No. 33).

The time for filing of the amended complaint, including any enlargements requested, have long since passed. The Court has received no further correspondence from the plaintiff nor have we received any returned mail that

2

would indicate the plaintiff has not received the prior orders.

The plaintiff's failure to file an amended complaint constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to [Fed.R.Civ.P. 41(b)](), which states in pertinent part:

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in Link v. Wabash R.R., where the plaintiff argued that [F.R.C.P. 41(b)]() by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

[Kenney v. Cal. Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967)]() (quoting *Link v. Wabash R.R.. Co.*, 370 U.S. 626, 630-31 (1962)).

In the instant action, the court can not properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

Finally, since the plaintiff has failed to file an amended complaint as ordered by the court twice justifies dismissal of this action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the instant action be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b).

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: November 25, 2009**
O:\shared\REPORTS\2009 Reports\09-0656-01.wpd