IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES DOMINIC DENNIS, | : | |
|     Plaintiff | : | Civil Action No. 1:CV-09-656 |
| v. | : | (Chief Judge Kane) |
| | : | |
| JAMES EVANS, NEWPORT TOWNSHIP | : | (Magistrate Judge Mannion) |
| POLICE DEPARTMENT, WILKES- | : | |
| BARRE TOWNSHIP POLICE | : | |
| DEPARTMENT (part time), | : | |
|     Defendant | : | |

**MEMORANDUM**

Before the Court is a report and recommendation from Magistrate Judge Malachy E. Mannion filed on November 25, 2009, advising that Plaintiff's complaint be dismissed for failure to prosecute the action under Federal Rule of Civil Procedure 41(b) (Doc. No. 35), and Plaintiff's objection.[1] (Doc. No. 38.)

---

[1] According to Middle District of Pennsylvania Local Rule 72.3, a "party may object to a magistrate judge's proposed . . . recommendations . . . within fourteen (14) days after being served with a copy thereof." M.D. Pa. L.R. 72.3. Although Plaintiff's submission is titled a "Motion Opposing Summary Judgment," the Court will construe it liberally as an objection to Judge Mannion's report.

The Court notes that the objection is untimely; however, in the interest of justice and because the report was served on Luzerne County Correctional Facility instead of Plaintiff's home address, the Court will allow the objection. The Court instructs the Plaintiff that he is under a continuing duty to apprise the Court of his current address. Specifically, Local Rule 83.18 states:

> Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party. Service of any notices, copies of pleadings, motions or papers in the action at the address currently maintained on file in the clerk's office by a party shall be deemed to be effective service upon such party.

1

**I.     Background**

Plaintiff originally filed a civil rights complaint as an inmate at Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, on April 13, 2009. (Doc. No. 1.)  On June 4, 2009, Plaintiff informed Judge Mannion that he was no longer incarcerated. (Doc. No. 10.)  As a result, that same day, Judge Mannion issued an order directing Plaintiff to file the appropriate *in forma pauperis* motion or pay the appropriate filing fee. (Doc. No. 11.)  On July 8, 2009, Judge Mannion issued a scheduling order requiring Plaintiff to file a status report. (Doc. No. 12.)  In response, on July 9, 2009, Plaintiff filed a motion to appoint counsel, a motion for a preliminary injunction, and a motion to amend his complaint. (See Doc. Nos. 13, 15, 16.)

On July 15, 2009, Defendants filed two separate motions to dismiss. (See Doc. Nos. 17, 18.)  On July 16, 2009, Defendant Wilkes-Barre Township Police Department filed its brief in support. (Doc. No. 23.)  On July 24, 2009, Defendants James Evans and the Newport Township Police Department filed a brief in support. (Doc. No. 25.)

On July 28, 2009, Plaintiff filed a status report and another application to proceed *in forma pauperis*. (See Doc. Nos. 26, 27.)  On July 31, 2009, Judge Mannion issued an order denying Plaintiff's motion to appoint counsel and motion for a preliminary injunction, but granting Plaintiff's motion to amend his complaint. (Doc. No. 28.)  In granting Plaintiff's motion to amend, Judge Mannion ordered that Plaintiff file an amended complaint on or before August

---

M.D. Pa. L.R. 83.18.

20, 2009. (Id.) On July 31, 2009, Judge Mannion issued a separate order granting Plaintiff's application to proceed *in forma pauperis*. (Doc. No. 29.)

On September 29, 2009–over a month after his amended complaint was originally due– Plaintiff filed a motion for an extension of time to amend his complaint. (Doc. No. 32.) In his motion, Plaintiff explained that he "was in the process of completing his amended complaint when, due to financial difficulties, [his] electricity was shut off." (Id. ¶ 2.) Plaintiff stated that, because he no longer had access to his computer files, he filed a request for an extension of time to complete his amended complaint on or around August 20, 2009. (Id. ¶ 3.) However, the Court's docket sheet does not include any such filing by the Plaintiff.[2] Plaintiff further averred that he was incarcerated at the Luzerne County Correctional Facility on September 3, 2009, for violating his bail. (Id. ¶¶ 4-5.) Plaintiff stated that he did not have access to legal materials, because there was no law library in the minimal offenders unit where he was incarcerated. (Id. ¶ 6.) Plaintiff further stated:

> The plaintiffs [sic] related criminal case is set for trial the week of October 13[,] 2009, at which a disposition should be made. . . .
>
> The plaintiff expects a favorable disposition in his criminal case and respectfully requests an extension of time until his criminal case is settled so that he may be afforded the opportunity to amend his civil complaint and pursue his civil case in the proper manner at that time. . . .
>
> The plaintiff feels he has a strong case and due to circumstances beyond his control, he is unable to pursue his civil case at this time due to lack of resources. The plaintiff wishes to pursue his claim but feels he will be unable to do so until his criminal case is settled October 13, 2009.

---

[2] Indeed, the docket sheet indicates that there was no filing by any party in August 2009.

(Id. ¶¶ 8-10.) As a result, Plaintiff requested an extension of time to file his amended complaint. (Id. at 3.)

On September 30, 2009, Judge Mannion granted the extension, ordering Plaintiff to file his amended complaint by October 30, 2009. (Doc. No. 33.) This deadline passed without any filing by Plaintiff. On November 18, 2009, Defendants' counsel submitted a letter to Judge Mannion noting Plaintiff's failure to timely file an amended complaint and asking that the case be dismissed. (Doc. No. 34.)

On November 25, 2009, Judge Mannion issued his report and recommendation. (Doc. No. 35.) The report stated that Plaintiff had failed to comply with Judge Mannion's Court Order directing Plaintiff to file an amended complaint, and was, therefore, subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b). The report further explained that a district court can, *sua sponte*, dismiss a case for failure to prosecute, and recommended that the Court do so.

## II. Discussion

Prior to dismissing a case under Rule 41(b), the Court must first consider the factors articulated by the Third Circuit Court of Appeals in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (reviewing a district court's dismissal for failure to prosecute in consideration of the Poulis factors). The factors to balance are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Emerson, 296 F.3d at 190 (citing Poulis, 747 F.2d at 868).

In this case, Plaintiff is representing himself *pro se*, thus there is no attorney or other party to blame for Plaintiff's failure to timely follow court orders. This factor weighs in favor of dismissal.

In consideration of the second factor, Defendants filed two separate motions for summary judgment in July 2009. Because of the continued delays caused by granting Plaintiff leave to amend, Defendants have yet to receive a ruling on their motions. Defendants are no doubt prejudiced by the costs and time in responding to an amended complaint which is already long past due. This factor weighs in favor of dismissal.

The third factor asks the Court to consider Plaintiff's history of delay before the Court. In this case, Plaintiff has demonstrated a history of dilatoriness prior to the court order at issue. On July 9, 2009, Plaintiff requested leave to amend his complaint. (Doc. No. 16.) Judge Mannion granted Plaintiff's request on July 31, 2009, and ordered that Plaintiff's amended complaint was due on or before August 20, 2009. (Doc. No. 28.) Plaintiff missed this deadline. It was not until September 29, 2009–over a month after his amended complaint was originally due–that Plaintiff filed a motion for an extension of time to amend. (Doc. No. 32.) The next day, on September 30, 2009, Judge Mannion granted the extension until October 30, 2009. (Doc. No. 33.) Plaintiff again missed his deadline–causing Judge Mannion to issue his recommendation on November 25, 2009, that Plaintiff's case be dismissed for failure to prosecute. (Doc. No. 35.) On balance, this factors weighs in favor of dismissal.

Turning to the fourth factor–whether Plaintiff has acted willfully or in bad faith–the Court finds that Plaintiff's inability to meet deadlines is not the result of willfulness or bad faith.

5

In his January 6, 2010 brief, Plaintiff appears to try to give a reason for failing to timely file. He states:

> The Defendants['] actions have made it almost impossible for the Plaintiff to pursue his civil case. The Plaintiff petitioned the Federal court for a continuance due to the fact that he was incarcerated and unable to research his case. The Plaintiffs [sic] criminal trial was to start in September of 2009. The Plaintiff held he had a strong case and would prevail at trial and alleged he would be released from prison and at which time he could continue his civil case. The Federal court granted the Plaintiff's petition for extension of time through October 31st 2009. Immediately after, the Defendants then pushed up the plaintiffs' [sic] criminal trial until Late November 2008.[3]
>
> . . . Shortly after the Plaintiffs' [sic] release from Luzerne County prison in Late November 2008, the Defendants petitioned the Federal court for summary dismissal on the grounds that "the Plaintiff did not file his Amended Complaint in time" although they were aware the Plaintiff was incarcerated in a facility (L.C.C.F. minimal offenders'\ work-release bldg.) with no access to legal materials and his public defender would not petition for bail. . . .
>
> Upon the Plaintiffs [sic] release from prison, his situation was such that he had no immediate place to live, none of the basic necessities of life, let alone the means to pursue a civil case and the Plaintiff needed time to get his living situation in order.

(Doc. No. 38 ¶¶ 6-8.) Plaintiff's explanation for failing to comply with the Court's deadlines convinces the Court that his dilatoriness was not willful. In his September 29, 2009 motion for extension of time to amend his complaint, Plaintiff advised the Court that he had been re-incarcerated at Luzerne County Correctional Facility. (Doc. No. 32.) Plaintiff averred to the Court that he was due to have his criminal trial on October 13, 2009, and that, after such trial, he

---

[3] It is unclear to the Court why Plaintiff makes reference to November 2008, when it appears that the other deadlines in the case all occurred in 2009. The Court will construe such reference to this date as occurring in November 2009.

would have the time and resources to devote to his civil case. However, Plaintiff has averred to the Court that his criminal case was not actually completed until November 2009 (Doc. No. 38) – a statement which is supported by the fact that Luzerne County Correctional Facility returned the November 25, 2009 report that was mailed to the jail and indicated that Plaintiff had been released on November 12, 2009. (See Doc. No. 36.) Therefore, the Court finds that Plaintiff's failure to meet his deadlines was not the result of willfulness or bad faith.

The Court next considers the fifth factor: effectiveness of other sanctions upon Plaintiff. Monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent, having already been granted *in forma pauperis* status. This factor weighs in favor of dismissal.

Last, the Court finds that Plaintiff's claim may have merit. Because Plaintiff has not yet filed an amended complaint, the Court has only Plaintiff's initial complaint to review. In the complaint, Plaintiff avers that Defendant Officer James Evans "conspired and falsified information on [Plaintiff's] arrest affidavit filed on or about December 15th 2008, with Magistrate Whittaker in Nanticoke, PA." (Doc. No. 1 at 3.) Plaintiff further avers that "Defendant shared personal and private information such as [Plaintiff's] social security number and Tax-Id [sic] information, which [Defendant] obtained in his capacity as a law enforcement officer, with persons known to [Plaintiff] . . . ." (Id.) Plaintiff states that Defendant "coerced and intimidated people known to [Plaintiff], in that 'if they didn't testify for [Defendant], [Defendant] would make their life miserable.'" (Id. at 4.) Taking these averments as true, Plaintiff may have raised a viable claim for relief. In Wilson v. Russo, 212 F.3d 781 (3d Cir. 2000), the Third Circuit stated:

> [A] plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the

7

> evidence: (1) that the police officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause."

Id. at 786-87 (citing Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir.1997)). Plaintiff may also have attempted to plead a viable cause of action for malicious prosecution. See Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1989) (citing Lee v. Mihalich, 847 F.2d 66, 70 (3d Cir. 1988)). At this stage in the case, the Court finds that this factor weighs against dismissal.[4]

## III. Conclusion

Although Plaintiff has been in and out of the criminal justice system, he is not excused from complying with the federal procedural rules. However, at this juncture, the Court finds that the Poulis factors do not yet weigh against dismissal, see Briscoe v. Klaus, 538 F.3d 252, 264 (3d Cir. 2008); therefore, the Court must decline to adopt Magistrate Judge Mannion's report recommending that the case be dismissed under Rule 41(b).

Given that he has now been released from state custody, Plaintiff no longer has an excuse for failing to prosecute his claims in a timely fashion. Plaintiff will be given 28 days in order to file his amended complaint. Failure to comply with this deadline will be viewed by the Court as evidence of bad faith by Plaintiff. An order consistent with this memorandum follows.

---

[4] The Court notes that in the original complaint, no basis of liability is alleged against Defendant Newport Township Police Department or Defendant Wilkes-Barre Township Police Department. However, because Plaintiff will be allowed leave to amend, it would be premature to dismiss these Defendants at this time. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (noting that Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES DOMINIC DENNIS,** | : | |
| Plaintiff | : | **Civil Action No. 1:CV-09-656** |
| v. | : | **(Chief Judge Kane)** |
| | : | |
| **JAMES EVANS, NEWPORT TOWNSHIP** | : | **(Magistrate Judge Mannion)** |
| **POLICE DEPARTMENT, WILKES-** | : | |
| **BARRE TOWNSHIP POLICE** | : | |
| **DEPARTMENT (part time),** | : | |
| Defendant | : | |

## **ORDER**

**AND NOW**, this 5th day of February 2010, **IT IS HEREBY ORDERED** that:

1. The report and recommendation (Doc. No. 35) is **NOT ADOPTED**;

2. Plaintiff will be given 28 days in order to file an amended complaint;

3. The case is **REMANDED** to Magistrate Judge Mannion for further proceedings in line with this Court's memorandum and order.

                                            S/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United State District Court
                                            Middle District of Pennsylvania