# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES DOMINIC DENNIS,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 1:09-0656** |
| **v.** | : | **(KANE, C.J.)** |
| | | **(MANNION, M.J.)** |
| **JAMES EVANS; NEWPORT** | : | |
| **TOWNSHIP POLICE DEPARTMENT;** | | |
| **DONALD WHITTAKER, District** | : | |
| **Magistrate; ALLYSON KACMARSKI,** | | |
| **Asst. District Atty. Luzerne County;** | : | |
| **JEANNE SCHMID, CPS Intake** | | |
| **Caseworker Luzerne County** | : | |
| **Children Youth; FRANK CASTANO,** | | |
| **Director - Luzerne County Children** | : | |
| **and Youth; LUZERNE COUNTY** | | |
| **CHILDREN AND YOUTH SERVICES;** | : | |
| **LUZERNE COUNTY CORRECTIONAL** | | |
| **FACILITY; JOSEPH PIAZZA, Warden,** | : | |
| **Luzerne County Correctional Facility;** | | |
| **COUNTY OF LUZERNE;** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION[1]

Pending before the court are two separate motions to dismiss and a

supplemental motion to dismiss. The first motion is on behalf of defendants

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Evans and Newport Township Police Department. (Doc. No. 46). The second motion is on behalf of defendants Whittaker, Kacmarski, Schmid, Castano, Piazza, Luzerne County Children and Youth Services, Luzerne County Correctional Facility, and County of Luzerne ("County Defendants"). (Doc. No. 61). The supplemental motion to dismiss is on behalf of defendant Whittaker. (Doc. No. 78). For the reasons set forth below, it is recommended that the motions to dismiss be **GRANTED IN PART AND DENIED IN PART.**

## I.      FACTS AND PROCEDURAL BACKGROUND

In 2008, the plaintiff was investigated by Luzerne County Children and Youth Services ("C&Y") due to allegations of child abuse, namely for giving prescription drugs to his son on November 12, 2008. (Doc. No. 43 at ¶¶ 2, 4). On November 25, 2008, plaintiff received a letter from defendant Jeanne Schmid, a C&Y caseworker, which stated plaintiff should report to the C&Y office on December 3, 2008. *Id.* at ¶2.  Accordingly, plaintiff reported to the C&Y office on December 3, 2008, and, at that time, defendant Schmid interviewed him regarding the child abuse allegations. *Id.* at ¶¶3,4.

With respect to the child abuse allegations, the plaintiff denies that he did anything wrong. He alleges that his son, who had a juvenile court hearing

the next day, was suffering from anxiety and panic attacks which led to him being hospitalized. *Id.* at ¶5. Moreover, plaintiff alleges that his son was given a drug screen test at the hospital that night which was negative, and as such, his son was released from the hospital with a clean bill of health. *Id.* Plaintiff further alleges that he tried to explain to defendant Schmid what had actually transpired, as well as the fact that evidence existed to disprove the child abuse allegations, but that defendant Schmid disregarded this evidence and failed to investigate further. *Id.* at ¶6.

On December 16, 2008, the plaintiff received a letter from C&Y which stated the allegations of child abuse against him were determined to be indicated. *Id.* at ¶7. Plaintiff alleges that he attempted to appeal this decision, but he had difficulty obtaining his son's medical records due to HIPPA and other patient privacy regulations. *Id.* at ¶8.

On December 23, 2008, plaintiff was arrested by defendant Evans of the Newport Township Police Department pursuant to an arrest warrant. *Id.* at ¶9, 11. The affidavit of probable cause that was signed by defendant Evans provided:

"I have been informed that in the early morning hours of November 12, 2008 the defendant Charles Dominic Denis, did knowingly and recklessly provide his minor child, Charles Dominic Dennis IV, with several alcoholic beverages and eight proscription

3

[sic] pills, namely, xanax, a benzodiazepine which is a Schedule IV controlled substance. It should be known that the defendant did remove the xanax from the purse of Kimberly Ann McAndrew without her knowledge or permission. The defendant did state that he carried out this course of conduct in an attempt to ensure that his minor child would not be able to attend a hearing scheduled for the 12th of November. It should also be known that the defendants actions did lead to the overdose of the minor child and his subsequent hospitalization at the First Hospital in Kingston Pennsylvania."

See Pl.'s Ex. B, (Doc. No. 43-3 at 2).

Moreover, the arrest warrant for the plaintiff was issued by defendant Judge Whittaker. (Doc. No. 43 at ¶12). Plaintiff alleges that there is a conflict of interest between him and defendant Whittaker as defendant Whittaker has an intimate and ongoing relationship with the mother of his son. *Id.* at ¶13. Plaintiff further alleges that defendants Evans and Whittaker were aware of this conflict of interest. *Id.* at ¶14. Specifically, plaintiff asserts that

"defendant Evans deliberately disregarded and/or omitted evidence, falsified statements on the affidavit and then took the counterfeit affidavit to a magistrate who was already biased against the plaintiff and having an ongoing relationship with the mother of plaintiff's children."

*Id.*

Following the arrest, the plaintiff was arraigned. *Id.* at ¶11. At the arraignment, plaintiff allegedly tried to explain that defendant Evans did not investigate his case fully and that the affidavit of probable cause was largely

based on conjecture and false statements. *Id.* Plaintiff specifically alleges the following statement in the affidavit was fabricated "...eight proscriptions [sic] pills, namely xanax..." *Id.* However, bail was set at $25,000. *Id.* at ¶16. As plaintiff could not afford to pay that amount, he was incarcerated at the Luzerne County Correctional Facility. *Id.*

Plaintiff's preliminary hearing took place in January of 2009, and a public defender was appointed to represent him. *Id.* Plaintiff alleges that, at this hearing, where defendant Assistant District Attorney Kacmarski was present, he attempted to explain to the court that defendants Evans, Newport Township Police Department, C&Y, and Schmid had failed to investigate the case fully as critical evidence was overlooked, and that the affidavit of probable cause was falsified and largely conjecture. *Id.* at ¶19. Plaintiff alleges that his pleas went unheard and all charges were held over for trial. *Id.* Plaintiff then returned to the Luzerne County Correctional Facility. *Id.*

During plaintiff's incarceration, he continued to try to obtain his son's medical records. *Id.* at ¶20. Plaintiff eventually obtained these records at the end of April 2009. *Id.* at ¶23. Consequently, plaintiff disclosed these records to defendant Schmid and defendant Kacmarski. *Id.*

In May of 2009, plaintiff was granted a bail modification and released

from jail with conditions. *Id.* at ¶25. In September of 2009, he violated a condition and, therefore, he was incarcerated again. *Id.* On November 12, 2009, plaintiff was released from prison. *Id.* at ¶30. He later learned that the charges against him were "nolle prossed,"and that he was being released pending detainers. *Id.*

Based on the foregoing, plaintiff commenced this action by filing a complaint on April 13, 2009. Specifically, plaintiff claims that defendants violated his Fourth and Fourteenth Amendment rights, and that defendants actions amounted to false arrest, false imprisonment, malicious prosecution, negligent and intentional infliction of emotion distress, slander, libel, negligence and a violation of Article I, Section 8 of the Pennsylvania Constitution.

On March 25, 2010, defendants Evans and Newport Township Police Department filed a motion to dismiss the plaintiff's amended complaint. (Doc. No. 46). This motion is fully briefed. (Doc. No. 47); (Doc. No. 48); (Doc. No. 50). On July 15, 2010, the County Defendants filed a motion to dismiss that was accompanied by a brief, and on January 4, 2011, defendant Whittaker filed a supplementary motion to dismiss that was accompanied by a brief. (Doc. No.'s 61; 65); 78; & 80). Despite having been given time to do so, as of

the date of this Report and Recommendation, the plaintiff has failed to file a brief in opposition to the County Defendants' or Judge Whittaker's motions to dismiss. As such, the motions are now ripe for our consideration.

## II.    STANDARDS

### A.  Rule 12(b)(6) Standard of Review

The defendants' motions to dismiss are brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal

evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261

(3d Cir. 1994).

**B. Standard of Review of Substantive Law Under 42 U.S.C. §1983**

Section1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. §1983. Section 1983 creates no substantive rights, but rather allows a plaintiff to vindicate violations of rights created by the United States Constitution or federal law. *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979); *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

**III. LEGAL ANALYSIS**

The defendants have set forth various arguments as to why they should generally be dismissed from this action. The court will consider these arguments below.

9

## A.     Newport Township

To the extent plaintiff brings a claim against defendant Evans in his official capacity, he is really bringing a claim against Newport Township.

In order to state a claim under §1983, the plaintiff must show that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; *Maine v. Thiboutot*, 448 U.S. 1 (1980); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. *Robinson v. City of Pittsburgh*, 120 F.3d 1286 ( 3d Cir. 1997) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). A municipality is a "person" for purposes of §1983. *Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978)). But §1983 does not allow municipal liability under a theory of respondeat superior. *Id.* A municipality is not liable under 1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the

violation. *Id.* This rule ensures that a municipality will only be liable where it, as opposed to its officers and policy-makers, is the "moving force" behind the plaintiff's injury. *Id.* The plaintiff bears the burden of identifying the policy or custom. *Id.*

In short, "a plaintiff seeking to impose liability on a municipality under 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.' *Bryan County*, 520 U.S. at 403; *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996).

> A government policy or custom can be established in two ways. Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299, 89 L. Ed. 2d 452 (1986). A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well settled" as to virtually constitute law. *Monell*, 436 U.S. at 690, 98 S. Ct. at 2035 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68, 90 S. Ct. 1598, 1613-14, 26 L. Ed. 2d 142 (1970)). *Accord Anela v. City of Wildwood*, 790 F. 2d 1063, 1067 (3d Cir.), cert. denied, 479 U.S. 949, 107 S. Ct. 434, 93 L. Ed. 2d 384.

*Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Moreover, mere identification of a policy or custom is not enough to establish municipal liability; a plaintiff must also establish causation. Thus, a plaintiff must show that the municipal action was taken with the requisite degree of

culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Bryan County*, 520 U.S. at 404.

Here, the plaintiff has submitted no facts in support of a *Monell* claim against Newport Township. Plaintiff's amended complaint fails to identify any policy or custom of Newport Township that caused any of the alleged constitutional violations. Moreover, the court notes plaintiff has failed to make any allegations of wrongdoing by Newport Township. Therefore, the court recommends that any claim against Newport Township be dismissed.[2]

### B.    Newport Township Police Department

Defendant Newport Township Police Department argues that, as a municipal police department, it is not a proper party in a Section 1983 action. The court agrees. A municipal police department cannot be sued separately from the municipality of which it is a part because it is not a separate independent entity. *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.

---

[2] Because the court is recommending that plaintiff's claims against Newport Township be dismissed, the court need not address defendants' remaining argument that the plaintiff cannot recover punitive damages against defendant Evans in his official capacity, which is essentially a claim against the municipality, Newport Township. However, the court notes that this argument is well-taken because Newport Township is immune from such claims or demands for punitive damages. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

4 (3d Cir. 1997); *Debellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); *Shilling v. Brush*, No. 05-871, 2005 U.S. Dist. LEXIS 33912, at *7-10 (M.D. Pa. Aug. 26, 2005) (explaining that police departments are not suable entities in Section 1983 actions). *See also* 53 Pa. Stat. Ann. § 46201(2) (under Pennsylvania law, a borough -- but not its sub-units -- may sue and be sued). Consequently, the court recommends that defendant Newport Township Police Department be dismissed from this action.

### C.  Defendant Evans

Plaintiff claims that defendant Evans violated his Fourth and Fourteenth Amendment rights to be free from arrest, detention and prosecution without probable cause. Plaintiff also claims that defendant Evans violated his rights under Article I, § 8 of the Pennsylvania Constitution.

#### 1.  *False Arrest*

Here, plaintiff was arrested by defendant Evans pursuant to an arrest warrant. To succeed on a §1983 claim of false arrest made pursuant to an invalid warrant, whether alleging that the invalidity is based upon an

affirmative misrepresentation or a material omission, the plaintiff must establish by a preponderance of the evidence that: (1) the defendants knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created a falsehood in applying for a warrant, and (2) that such statements or omissions were material, or necessary, to the finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)).

The only factual support plaintiff provides in support of this claim is that the affidavit contained the false statement *" . . . eight proscription [sic] pills, namely, xanax . . . ."* (Doc. No. 43 at ¶11) (emphasis in original). Other than that statement, plaintiff merely recites the elements of a cause of action for false arrest, and states in a conclusory fashion that the affidavit of probable cause contained omissions and false statements. Thus, the plaintiff failed to state which statements were false, what information was omitted from the affidavit of probable cause, and why the statement *" . . . eight proscription [sic] pills, namely, xanax . . . ,"* (Doc. No. 43 at ¶11), is false.

Consequently, defendant Evans argues that plaintiff has failed to state a claim because he has failed to allege sufficient facts in support of his false

arrest claim. The court agrees. Plaintiff has only set forth conclusory and "bare bones" allegations which are insufficient to survive a motion to dismiss. *See* *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (conclusory or "bare-bones" allegations are not sufficient to survive a motion to dismiss); *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65). Therefore, to the extent the plaintiff intended to bring a false arrest claim based on false statements and material omissions in the affidavit of probable cause, the plaintiff has presently failed to state a claim and this claim should be dismissed.

Nonetheless, in a civil rights case, a court must *sua sponte* allow a plaintiff leave to amend his or her complaint unless it would be inequitable or futile to do so. *See* *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 208 (3d. Cir. 2002) ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless

amendment would be inequitable or futile.") (internal citation omitted)). At this stage of the proceedings, the plaintiff may be able to allege sufficient facts to state a plausible §1983 claim for false arrest against defendant Evans. Therefore, allowing plaintiff to amend his complaint would not be inequitable or futile. Accordingly, the motion to dismiss the plaintiff's false arrest claim based on the affidavit of probable cause containing material omissions and false statements should be denied, and the plaintiff granted leave to amend his complaint with regard to this false arrest claim.[3]

### 2. *False Imprisonment*

Plaintiff asserts that defendant Evans' affidavit of probable cause, containing false statements and omissions, led to his false arrest as well as his wrongful incarceration. As such, it appears that plaintiff may have intended to bring a false imprisonment claim against defendant Evans.

A false imprisonment claim under 42 U.S.C. §1983 is based on the

---

[3] The court notes that plaintiff also appears to take issue with the fact that defendant Evans brought the arrest warrant to Judge Whittaker who he knew was not a neutral and detached magistrate as he had a personal bias against plaintiff. To the extent plaintiff may be complaining about defendant Evans' knowledge of Judge Whitttaker's bias, the court finds that such knowledge is insufficient to give rise to Section 1983 liability. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Fourteenth Amendment protection against deprivations of liberty without due process of law. *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (citing *Baker v. McCollan*, 443 U.S. 137, 142 (1979)). The Court in *Baker* made it clear an arrest based on probable cause could not become the source of a claim for false imprisonment. *Id.* (citing *Baker*, 443 U.S. at 143-44). On the other hand, where the police lack probable cause to make an arrest, the arrestee has a claim under §1983 for false imprisonment based on a detention pursuant to that arrest. *Id.* A false imprisonment claim under §1983 which is based on an arrest made without probable cause is grounded in the Fourth Amendment's guarantee against unreasonable seizures. *Id.*

Here, plaintiff challenges the validity of defendant Evans' affidavit of probable cause because it contained false statements and omissions and, as such, resulted in his false arrest and subsequent false imprisonment. As explained above, the plaintiff has failed to plead sufficient factual matter in support of his false arrest claim. Consequently, the court recommends that plaintiff also be allowed to file an amended complaint with respect to his false imprisonment claim against defendant Evans.

### 3. *Malicious Prosecution*

To prevail on a claim of malicious prosecution under the Fourth

Amendment, the plaintiff must prove the following elements:

1. the defendant initiated the criminal proceeding;

2. the criminal proceeding ended in plaintiff's favor;

3. the defendant initiated the proceeding without probable cause;

4. the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and

5. the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007). The court finds that plaintiff's malicious prosecution claim must fail because it does not appear that he can satisfy the second element, namely that the criminal proceeding ended in his favor. *See id.*

A review of plaintiff's criminal docket sheet indicates that he was arrested and charged with (1) intentionally possessing a controlled substance by a person not registered, 35 Pa. C.S. §780-113(a)(16)[4]; (2) corruption of

---

[4]     The following acts and the causing thereof within the Commonwealth are hereby prohibited . . . [k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 Pa. C.S. §780-113(a)(16).

minors, 18 Pa. C.S. §6301(a)(1)[5]; (3) inducement of minors to buy liquor or malt or brewed beverages, 18 Pa. C.S. §6310(a)[6]; (4) manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered, 35 Pa. C.S. §780-113(a)(30)[7]; (5) selling or furnishing

---

[5]    Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa. C.S. §6301(a)(1).

[6]    A person is guilty of a misdemeanor of the third degree if he hires or requests or induces any minor to purchase, or offer to purchase, liquor or malt or brewed beverages, as defined in section 6310.6 (relating to definitions), from a duly licensed dealer for any purpose.

18 Pa. C.S. §6310(a).

[7]    Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a Counterfeit controlled substance.

35 Pa. C.S. §780-113(a)(30).

19

liquor or malt or brewed beverages to minors, 18 Pa. C.S. §6310.1(a)[8]; and

(6) endangering welfare of children, 18 Pa. C.S. §4304[9]  On November 12,

2009, the charges filed in that matter were nolle prossed. Specifically, the

order issued by Judge Burke of the Luzerne County Court of Common Pleas

stated:

> "And now this 12th day of November 2009 . . .,upon motion of the
> District Attorney of Luzerne County, it is hereby **ORDERED AND
> DECREED** that all of the charges filed in the above captioned
> matter are nolle prossed. The Defendant is released from the
> Luzerne County Correctional Facility pending any other
> detainers."

Pl.'s Ex. X, (Doc. No. 43-23 at 2).

---

[8]     Except as provided in subsection (b), a person
commits a misdemeanor of the third degree if he
intentionally and knowingly sells or intentionally and
knowingly furnishes, or purchases with the intent to
sell or furnish, any liquor or malt or brewed beverages
to a person who is less than 21 years of age.

18 Pa. C.S. §6310.1(a).

[9]     A parent, guardian or other person supervising the
welfare of a child under 18 years of age, or a person
that employs or supervises such a person, commits
an offense if he knowingly endangers the welfare of
the child by violating a duty of care, protection or
support.

18 Pa. C.S. §4304(a)(1).

Although it appears that the prosecutor terminated plaintiff's case by filing a motion for nolle prosequi, the order issued by Judge Burke fails to demonstrate plaintiff's innocence. *Id.* The Third Circuit has recently explained:

> . . . while "a grant of nolle prosequi can be sufficient to satisfy the favorable termination requirement for malicious prosecution, not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably." *Hilfirty v. Shipman*, 91 F.3d 573, 579-580 (3d Cir. 1996). "A nol pros signifies termination of charges in favor of the accused 'only when their final disposition is such as to indicate the innocence of the accused.'" *Donahue*, 280 F.3d 371, 383 (3d Cir. 2002) (quoting RESTATEMENT (SECOND) OF TORTS: INDECISIVE TERMINATION OF PROCEEDINGS § 660, cmt. a). "Accordingly, in *Hector v. Watt*, 235 F.3d 154, 156 (3d Cir. 2000), we stated that a §1983 malicious prosecution plaintiff 'must be innocent of the crime charged in the underlying prosecution.'" *Id.*
>
> Applying this precedent, we conclude, as did the District Court, that the criminal charges filed against DiFronzo were not terminated in his favor. The order granting the motion seeking nolle prosequi does not indicate DiFronzo's innocence. In fact, the order, nor any other matter in the record, says nothing as to why the motion was filed or granted.[10] Lacking any information indicating "the innocence of the accused," DiFronzo is unable to demonstrate that the proceedings terminated in his favor. Therefore, DiFronzo has failed to satisfy the second element required to support a claim of malicious prosecution. Thus, we will affirm the District Court's ruling on the malicious prosecution

---

[10] The court noted that the order, stated: "AND NOW, this 28th day of NOVEMBER, 2007, upon the request of Assistant District Attorney Andrew S. Gibson, the Commonwealth's motion for nolle prosequi is hereby GRANTED as to all charges in the above-named case." *DiFronzo v. Chiovero*, 2011 U.S. App. LEXIS 640, at *11 n. 9. This order is essentially the same as the order issued by the court in plaintiff's case.

claim.

*DiFronzo v. Chiovero*, No. 10-1849, 2011 U.S. App. LEXIS 640, at \*9-11 (3d Cir. Jan. 12, 2011). Because the order issued by Judge Burke fails to indicate plaintiff's innocence, the plaintiff is unable establish that the proceedings terminated in his favor. Consequently, the court recommends that plaintiff's malicious prosecution claim against defendant Evans be dismissed.

4.    *Qualified Immunity*

Defendant Evans argues that he is entitled to qualified immunity. The common law privilege of qualified immunity protects a public official who has undertaken a discretionary act from suit "to protect [such officials] 'from undue interference with their duties and from potentially disabling threats of liability.'" *Elder v. Holloway*, 510 U.S. 510, 514 (1994) (Ginsburg, J.)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982) (Powell, J.)); *Wright v. City of Philadelphia*, 409 F.3d 595, 599 (3d Cir. 2005) (Fuentes, J.) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). Officers performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Curley v. Klem*, 289

F.3d 271, 277 (3d Cir. 2002) (citation and internal quotation marks omitted).

Moreover, " the Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stages of litigation." *Id.* However, "the imperative to decide qualified immunity issues early in the litigation is in tension with the reality that factual disputes often need to be resolved before determining whether the defendant's conduct violated a clearly established constitutional right." *Williams v. Hull*, No. 08-0135, 2009 U.S. Dist. LEXIS 46961*,* at \*33 (W.D. Pa. June 4, 2009) (citing *Curley*, 298 F.3d at 277)). Because the court has recommended that plaintiff be allowed to amend his complaint as to his false arrest and false imprisonment claims, it is premature to examine defendant Evans' qualified immunity defense at this time. *See Williams v. Hull*, 2009 U.S. Dist. LEXIS 46961*,* at \*34. Consequently, defendants should be permitted to renew this defense in a future dispositive motion. *Id.*

### 5.  *Pennsylvania Constitution*

Plaintiff also claims that defendant Evans violated Article I, §8 of the Pennsylvania Constitution. By way of relief, plaintiff has sought monetary

damages.[11]

To the extent plaintiff seeks monetary damages for violations of the Pennsylvania Constitution, defendant Evans argues that the plaintiff's claims should be dismissed. The court agrees. There is no private cause of action for damages arising from violations of the Pennsylvania Constitution. *See Jones v. City of Philadelphia*, 890 A.2d 1188, 1215-16 (Pa. Commw. Ct. 2006); *Angeloff v. Deardorff*, No. 09-2169, 2010 U.S. Dist. LEXIS 124217, at *7 (M.D. Pa. Nov. 23, 2010) (there is no private cause of action for damages arising out of the Pennsylvania Constitution). Therefore*,* the court recommends that defendant Evans' motion to dismiss plaintiff's claim seeking monetary damages for violations of Article I, Section 8 of the Pennsylvania Constitution be granted.

### D.    Luzerne County

Plaintiff brings claims against defendants Kacmarski, Piazza, Schmid and Castano in their official capacity which are essentially claims against

---

[11] The court notes that plaintiff has also sought declaratory relief, namely "[a] declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and Laws of the United States." (Doc. No. 43 at 17). However, as this claim is based on a violation of the Pennsylvania Constitution, the court does not find that plaintiff's request for declaratory relief applies to this claim.

Luzerne County. In addition, plaintiff has separately named Luzerne County as a defendant.

A municipality is a "person" for purposes of §1983. *Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978)). But §1983 does not allow municipal liability under a theory of *respondeat superior*. *Id.* A municipality is not liable under §1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the violation. *Id.* This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. *Id.* The plaintiff bears the burden of identifying the policy or custom. *Id.*

Here, the plaintiff has submitted no facts in support of a *Monell* claim against Luzerne County. Plaintiff's amended complaint fails to identify any policy or custom of Luzerne County that caused any of the alleged constitutional violations. Moreover, the court notes plaintiff has failed to make any allegations of wrongdoing by Luzerne County. Therefore, the court recommends that any claims against Luzerne County be dismissed.

## E. Luzerne County Correctional Facility

In order to state an actionable claim under Section 1983, a plaintiff must allege that a person has deprived him or her of a federal right and, that the person who caused the deprivation acted under color of state or territorial law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A prison or correctional facility is not a person within the meaning of §1983. *Reseigh v. Luzerne County Correctional Facility*, No. 06-1911, 2006 U.S. Dist. LEXIS 73688, at *4-5 (M.D. Pa. Oct. 10, 2006) (explaining that Luzerne County Correctional Facility is clearly not a person and may not be sued under §1983). Therefore, the court recommends that defendant Luzerne County Correctional Facility be dismissed from this action.

## F. Luzerne County District Attorney's Office

The court finds that Luzerne County District Attorney's Office is not a separate entity that can be sued under Section 1983. *See Briggs v. Moore, 251 Fed. Appx. 77, 79 (3d Cir. 2007)* (finding the Monmouth County Prosecutor's Office was not a separate entity that can be sued under §1983); *Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (finding the Bucks

County District Attorney's office was not an entity for purposes of Section 1983 liability). Consequently, the court recommends that the Luzerne County District Attorney's office be dismissed from this action.

### G.    Luzerne County Children and Youth Services

The court also finds that the Luzerne County Children and Youth Services is not a separate entity from the county, and as such, cannot be sued under Section 1983. *See Walthour v. Children and Youth Servs.*, No. 09-0366, 2010 U.S. Dist. LEXIS 70388, at *31 (E.D. Pa. July 14, 2010) (departments of a county, e.g., the Delaware County Department of Children and Youth Services, do not have a separate corporate existence from the county and are therefore not entities capable of being sued under Section 1983); *Dunsmore v. Chester County Children and Youth Servs.*, No. 92-3746, 1994 U.S. Dist. LEXIS 11773 (E.D. Pa. Aug. 18, 1994) (finding Chester County Children and Youth Services was not a suable entity because it is an agency or department of Chester County and has no independent identity of its own). As such, the proper defendant would be Luzerne County, rather than its Department of Children and Youth Services. *Walthour*, 2010 U.S. Dist. LEXIS 70388, at *32. Consequently, the Court recommends that defendant Luzerne County Children and Youth Services be dismissed from this action.

## H.    Defendants Piazza and Castano

The court finds that defendant Joseph Piazza, Warden at the Luzerne County Correctional Facility, and that defendant Frank Castano, director of the Luzerne County Children and Youth Services, should be dismissed from this action because plaintiff has not set forth any personal allegations of wrongdoing against them, and, therefore, they could not have violated plaintiff's constitutional rights. A viable section 1983 claim requires allegations of personal involvement on the part of defendants. *See Ashcroft v. Iqbal, - U.S. -, 129 S. Ct. 1937, 1948 (2009)* ("Because vicarious liability is inapplicable to *Bivens* and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."). As plaintiff has failed to set forth any allegations of personal involvement on the part of defendant Piazza or defendant Castano, the court will recommend defendant Piazza and defendant Castano be dismissed from this action.[12]

## I.    Defendant Whittaker

_____

[12] Since the court is recommending that defendant Piazza be dismissed from this action, the court need not address defendant Piazza's remaining alternative argument that he should be dismissed because of plaintiff's failure to exhaust administrative remedies.

Plaintiff brings claims against defendant Judge Whittaker for issuing an arrest warrant for the plaintiff despite his existing personal bias or conflict of interest with the plaintiff. Defendant Whittaker argues that he should be dismissed from this action because he is immune from suit in both his individual and official capacities. For the reasons set forth below, the court agrees.

### 1. *Eleventh Amendment Immunity*

By bringing a lawsuit against defendant Magisterial District Judge Whittaker, District Court 11-3-02, in his official capacity, the plaintiff is really bringing a suit against the Commonwealth of Pennsylvania. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). *See also Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000) (finding all courts and agencies of the unified judicial system are part of the Commonwealth Government and thus are state rather than local agencies).

Federal courts cannot consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985); *Edelman v. Jordan*, 415 U.S. 651, 662 (1974). This immunity extends to suits asserting civil rights violations where the state is named as a defendant. *Laskaris v.*

*Thornburgh*, 661 F.2d 23, 26 (3d Cir.1981). "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." *Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223, 226 (3d Cir.2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute Pennsylvania has specifically withheld consent [to be sued]." *Laskaris*, 661 F.2d at 25 (citing PA. CONS. STAT. ANN. §8521(b)). Section 1983 or 1985 does not "abrogate the Eleventh Amendment immunity of the States. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Galavani v. Pennsylvania*, No. 08-0393, 2008 U.S. Dist. LEXIS 89150, at *16 (M.D. Pa. Nov. 4, 2008).

Furthermore, an essential element of any claim under § 1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. §1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Consequently, the court recommends that the complaint be dismissed to the extent plaintiff brings claims against defendant Whittaker in his official capacity. *See Ludwig v. Berks County,* 313 Fed. Appx. 479, 482 (3d Cir.

2008) (finding the Berks County Court of Common Pleas is immune from suit under the Eleventh Amendment).

### 2. *Absolute Judicial Immunity*

_____Defendant Whittaker argues that he is also immune from suit to the extent plaintiff's claims are brought against him in his individual capacity. The common law doctrine of judicial immunity is applicable to civil rights actions. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). When sued in a civil rights action, judges are immune from liability where the judge had jurisdiction over the subject matter and was performing a judicial act. *Stump v. Sparkman*, 435 U.S. at 356. Immunity applies regardless of whether the actions complained of are alleged to have been in error, performed with malice, in excess of the judge's authority, *Stump v. Sparkman*, supra; *Pierson v. Ray*, supra, or even if they are claimed to have been performed as a result of an alleged conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24 (1980).

Here, plaintiff claims that defendant Judge Whittaker acted improperly by issuing an arrest warrant for the plaintiff due to an existing bias or conflict

of interest. First, the court finds as a Magisterial District Judge, defendant Whittaker clearly had jurisdiction to issue an arrest warrant for the plaintiff. *See* 42 Pa. C.S. §1515(a)(4); *see e.g.*, *Hall v. Bardanier*, No. 09-1016, 2010 U.S. Dist. LEXIS 53321, at *11 (M.D. Pa. June 1, 2010). Second, the court finds that defendant Judge Whittaker was performing a judicial act by issuing an arrest warrant for the plaintiff. Furthermore, as explained above, even if defendant Whittaker issued the arrest warrant with malice, in excess of the his authority, or even if he issued the arrest warrant as a result of an alleged conspiracy with others, defendant Whittaker is still entitled to judicial immunity. *See* *Schuler v. Chambersburg*, 641 F. Supp. 657, 659 (M.D. Pa. 1986) (judicial immunity may be invoked even if the conduct was in excess of their jurisdiction and done maliciously and corruptly, and allegations of bias will not defeat immunity ). Thus, "[a]n accusation of a conflict of interest does not trump a claim of absolute judicial immunity." *See* *Guttman v. G.T.S. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006). Because the court finds that defendant Whittaker is entitled to judicial immunity, the plaintiff's complaint should be dismissed with respect to any claim against Judge Whittaker in his

individual capacity.[13]

### J.    Defendant Kacmarski

Plaintiff claims that defendant Assistant District Attorney Kacmarski's actions amounted to malicious prosecution because she deliberately disregarded evidence and failed to investigate the case fully before deciding to prosecute the plaintiff.[14]

Prosecuting attorneys enjoy absolute prosecutorial immunity from liability under § 1983 for actions in initiating prosecution and presenting the state's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Henderson v. Fisher*, 631 F.2d 1115 (3d Cir. 1980); *Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997); *Hill v. City of New York*, 45 F.3d 653 (2d Cir. 1995) (prosecutorial immunity from §1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with prosecutor's

---

[13] Because the court finds that defendant Whittaker is immune from suit, the court need not consider the remaining argument that plaintiff is not entitled to declaratory relief. However, the court notes that this argument appears to be well taken.

[14] In addition, plaintiff alleges defendant Kacmarski's actions resulted in his unlawful incarceration under Pennsylvania law.

function as advocate). In *Weinschender v. Schwab*, No. 06-0914, 2007 U.S. Dist. LEXIS 28349,*8 (M.D. Pa. April 13, 2007), the plaintiff complained that the prosecutors failed to fully investigate, and in reaching a finding that the prosecutors were entitled to prosecutorial immunity, the court stated:

> Plaintiff complains about [Assistant District Attorney] Buchanan's failure to investigate and [Assistant District Attorney] Kappelhoff's failure to fully investigate. Either scenario is intimately associated with the judicial phase of the criminal process because it leads to a decision to prosecute or not (and in the case of a failure to investigate at all, a failure to prosecute by default). Because investigation in the circumstances here is tied to the decision whether or not to prosecute, Buchanan and Kappelhoff are protected by prosecutorial immunity. *See Schrob v. Catterson, 948 F.2d 1402, 1411 (3d Cir. 1991)* ("A prosecutor's alleged failure to properly investigate before initiating a prosecution is also conduct within the scope of absolute immunity."); *Joseph v. Yocum, 53 Fed. Appx. 1, 3 (10th Cir. 2002)* (nonprecedential) (prosecutorial immunity applies to "the decision to prosecute, even based on an allegedly inadequate police investigation, and the decision whether and when to dismiss the charges against plaintiff").

*Id.* Because plaintiff complains of defendant Kacmarski's inadequate investigation resulting in her decision to prosecute, the court finds that she is entitled to prosecutorial immunity. *See id.* Consequently, the court recommends that plaintiff's claims against defendant Kasmarski in her individual capacity be dismissed.

### K.  Negligent and Intentional Infliction of Emotional Distress Claims

Although it is somewhat unclear, it appears that plaintiff may have intended to bring claims for intentional and negligent infliction of emotional distress against all of the defendants. (Doc. No. 43 at 16) ("All defendants intentionally, recklessly, deliberately and/or negligently, caused plaintiff severe emotional distress). To the extent that plaintiff intended to bring these claims, the court recommends that they be dismissed.

### 1.  *Negligent Infliction of Emotional Distress*

Under Pennsylvania law, a cause of action for negligent infliction of emotional distress is restricted to four factual scenarios:

> (1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative.

*Toney v. Chester County Hosp.*, 961 A.2d 192, 197-98 (Pa. Super. Ct. 2008).

Because a review of plaintiff's complaint indicates that these four factual scenarios do not apply here, the court recommends that plaintiff's claim for negligent infliction of emotional distress be dismissed.

## 2. *Intentional Infliction of Emotional Distress*

The Pennsylvania Supreme Court typically refers to Restatement (Second) of Torts § 46 as establishing the "minimum requirements" for a claim of intentional infliction of emotional distress. *See e.g. Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000) (citing *Kazatsky v. King David Mem'l. Park, Inc.*, 527 A.2d 988 (Pa. 1987); *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1273 (3rd. Cir.1979)). Thus, an action for intentional infliction of emotional distress requires that: (1) the conduct be extreme; (2) the conduct be intentional and reckless; (3) the conduct cause emotional distress; and (4) the distress be severe. *Chuy*, 595 F.2d at 1273. In addition, the plaintiff must allege a physical injury. *Behm v. Luzerne County Children & Youth Policy Makers*, 172 F. Supp. 2d 575, 588 (M.D. Pa. 2001). In this case, the plaintiff has not alleged any physical injury. Therefore, to the extent the plaintiff intended to bring a claim for intentional infliction of emotional distress, the court recommends that this claim be dismissed. *Id.*

### L. Punitive Damages

The county defendants, namely defendants Whittaker, Kacmarski,

Piazza, Schmid, and Castano, argue that the plaintiff's claims for punitive damages against them in their individual capacities should be dismissed. Because the court has recommended dismissing all of the defendants in their individual capacities except for defendant Schmid, the court need only determine whether plaintiff may recover punitive damages from defendant Schmid.

A review of plaintiff's complaint indicates that plaintiff has brought tort claims under Pennsylvania law against defendant Schmid. Defendant Schmid argues that plaintiff's claim for punitive damages against her should be dismissed because plaintiff has not alleged that her actions were motivated by actual malice or evil motive or callous intent. The court agrees. *See Feld v. Miriam*, 485 A.2d 742, 747-48 (Pa. 1984) (Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others . . . Punitive damages must be based on conduct which is malicious, wanton, reckless, willful, or oppressive). At best, plaintiff has alleged that defendant Schmid was negligent in investigating the allegations of child abuse. However, punitive damages cannot be awarded based on ordinary negligence. *See Boring v. Google*, 362 Fed. Appx. 273, 282-83 (3d Cir. 2010) (citing *Hutchinson v. Luddy*, 946 A.2d 744,

747 (Pa. Super. Ct. 2008). Because the court does not find that plaintiff's allegations against defendant Schmid indicate that she engaged in outrageous, intentional, reckless or malicious conduct, the court recommends that plaintiff's claim for punitive damages against defendant Schmid in her individual capacity be dismissed.[15]


## IV.    RECOMMENDATION[16]

For the reasons elaborated above, **IT IS RECOMMENDED THAT**:

**(1)**    Defendants' motions to dismiss, (Doc. No. 46, Doc. No. 61; Doc. No. 78), be **GRANTED IN PART AND DENIED IN PART** as noted

---

[15] Even if the plaintiff had intended to bring claims against defendant Schmid pursuant to Section 1983, the court would still recommend that plaintiff's claims for punitive damages against her in her individual capacity be dismissed. *Smith v. Wade*, 461 U.S. 30, 56 (1983) (a jury may impose punitive damages against defendants sued in their individual capacity in a §1983 case if the "conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others").

[16] Because the court has recommended dismissing Luzerne County, Luzerne County Correctional Facility, Luzerne County District Attorney's Office, and Luzerne County Children and Youth Services from this action, the court need not address the County Defendants' remaining alternative arguments that plaintiff's respondeat superior and redundant claims should be dismissed.

above; and

**(2)**     Plaintiff be granted a specific time frame in which to file an

amended complaint with respect to his Fourth Amendment false

arrest and false imprisonment claims against defendant Evans.

Additionally, that plaintiff be advised that failure to file a proper

amended complaint as to these claims will result in their dismissal.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** February 2, 2011

O:\shared\REPORTS\2009 Reports\09-0656-02.wpd