IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| CHARLES DOMINIC DENNIS, | : | |
| --- | --- | --- |
| Plaintiff | : | Civil Action No. 1:CV-09-656 |
| v. | : | (Chief Judge Kane) |
| | : | |
| JAMES EVANS, et al., | : | (Magistrate Judge Mannion) |
| Defendants | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is a report and recommendation ("R&R") from Magistrate Judge Malachy E. Mannion (Doc. No. 81), which addresses two separate motions to dismiss (Doc. Nos. 46, 61) and one supplemental motion to dismiss (Doc. No. 78). In his very thorough and well-researched R&R, Judge Mannion recommends that Plaintiff be given leave to file an amended complaint as to his Fourth Amendment claims of false arrest and false imprisonment against Defendant James Evans. The R&R also advises that the state law claim of negligence against Defendant Jeanne Schmid not be dismissed. Finally, the R&R recommends that the Court grant Defendants' motions to dismiss as to all other claims. The Court will adopt the R&R, but will write briefly to address an objection raised by several Defendants. (Doc. No. 83.)

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the R&R, the Court is to make a de novo determination of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1). In this case, a group of Defendants has filed an objection to the R&R asking that the remaining negligence claim against Defendant Jeanne Schmid be dismissed for lack of

1

supplemental jurisdiction. (Doc. No. 83.) A district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). These Defendants assert that the negligence claim regarding Defendant Schmid's contact with Plaintiff at Luzerne County Children and Youth Services is totally unrelated to Plaintiff's Fourth Amendment claims against Defendant James Evans. (See Doc. No. 84 at 5-6.) Upon review of the amended complaint, however, the Court disagrees that the negligence claim is unrelated to the Fourth Amendment claims. To the contrary, Plaintiff has alleged that Defendant Schmid negligently investigated allegations of child abuse against Plaintiff, "which led to Plaintiffs [sic] subsequent false arrest . . . [and] wrongful imprisonment." (Doc. No. 43 ¶ 7.) In the event that Plaintiff amends his complaint to assert a cognizable Fourth Amendment claim against Defendant Evans, the Court will retain supplemental jurisdiction over the state law negligence claim against Defendant Schmid.[1]

**AND NOW**, on this 14th day of March 2011, in consideration of Judge Mannion's well-reasoned R&R (Doc. No. 81), it is **HEREBY ORDERED THAT** the R&R is **ADOPTED AS FOLLOWS**:

1. Plaintiff is given leave to file a second amended complaint on his Fourth Amendment claims of false arrest and false imprisonment claims against Defendant James Evans.

2. The state law claim of negligence against Defendant Jeanne Schmid is not dismissed.

---

[1] If Plaintiff's second amended complaint fails to cure the defects cited by Judge Mannion, and the Fourth Amendment claims against Defendant Evans are dismissed without leave to amend, the Court may revisit the issue of supplemental jurisdiction.

3. Defendants' motions to dismiss (Doc. No. 46, 61, 78) are **GRANTED** as to all other remaining claims.

4. In consideration of Plaintiff's letter to the Court which states that Plaintiff is now without counsel and asks for an extension of time to file his amended complaint (Doc. No. 82), the Court will construe the letter as a motion for an extension of time to file an amended complaint. The motion is **GRANTED TO THE FOLLOWING EXTENT**: The Court will defer setting a deadline for the filing of Plaintiff's second amended complaint until after a telephone conference is held to determine whether Plaintiff will secure new counsel or whether Plaintiff will elect to proceed pro se.

5. The Court will hold a telephone conference on April 5, 2011, at 11:00 a.m. In preparation for the telephone conference, the parties are directed to call chambers at (717) 221-3990 before March 31, 2011 to provide the Court with a phone number where that party can be reached.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania