UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES DOMINIC DENNIS,** | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:09-0656 |
| v. | : | (KANE, C.J.) |
| | | (MANNION, M.J.) |
| **JAMES EVANS** | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**[1]

Plaintiff commenced this action by filing a complaint on April 13, 2009. (Doc. No. 1). On March 14, 2011 the district judge issued an order adopting the Report and Recommendation of the undersigned dated February 2, 2011. (Doc. No. 81). The district judge issued an order on April 6, 2011 referring this action back to the undersigned and allowing the plaintiff until May 6, 2011 to file his amended complaint. (Doc. No. 87). To date, no amended complaint has been filed.

The plaintiff's failure to comply with the Court's order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in *Link v. Wabash R.R.*, where the plaintiff argued that F.R.C.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: 'The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'

Kenney v. Cal. Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967).

In the instant action, the Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

The plaintiff's failure to comply with the Court's order to file his amended complaint, justifies dismissal of his action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the instant action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) and this Court's inherent powers.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** May 19, 2011

O:\shared\REPORTS\2009 Reports\09-0656-03.wpd