**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES DOMINIC DENNIS,** | : | **No. 1:09-CV-656** |
| **Plaintiff** | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **JAMES EVANS and JEANNE SCHMID,** | : | **(Magistrate Judge Mannion)** |
| **Defendants** | : | |

## <u>MEMORANDUM ORDER</u>

Pending before the Court is a Report and Recommendation ("R&R") from Magistrate
Judge Malachy E. Mannion filed on May 19, 2011, advising that Plaintiff's complaint be
dismissed for failure to prosecute the action under Federal Rule of Civil Procedure 41(b). (Doc.
No. 90.) Plaintiff has not filed any objections.

A brief recap of the recent history of this case is necessary for disposition of the R&R.
On February 2, 2011, Judge Mannion issued an R&R addressing three separate motions to
dismiss filed by defendants. (Doc. No. 81.) In his order, Judge Mannion found that a number of
claims and defendants should be dismissed from the action. (<u>Id.</u>) Judge Mannion also
recommended that Plaintiff be given a time frame to file a second amended complaint as to his
Fourth Amendment claims against Defendant James Evans. (<u>Id.</u>) On March 14, 2011, this Court
adopted the R&R and deferred setting a deadline for filing the second amended complaint until
after holding a telephone conference with Plaintiff to see if he would be securing new counsel or
would be proceeding <u>pro se</u>. (Doc. No. 85.) A telephone conference was held on April 5, 2011,
at which Plaintiff represented that he would be retaining new counsel.

On April 6, 2011, the Court issued an order referring the case back to Judge Mannion and
giving Plaintiff until May 6, 2011, to file his second amended complaint. (Doc. No. 87.) On

April 8, 2011, Judge Mannion issued an order denying Plaintiff's previously filed request for appointed counsel.  (See Doc. Nos. 82, 88.)  Plaintiff did not file a second amended complaint. As a result, on May 19, 2011, nearly two weeks after the deadline for filing the second amended complaint had passed, Judge Mannion issued his R&R recommending that the case be dismissed for failure to prosecute and failure to comply with court orders.  (Doc. No. 90.)  Objections to the R&R were due on June 6, 2011; however, Plaintiff has not filed anything with the Court.

Prior to dismissing a case under Rule 41(b), the Court must first consider the factors articulated by the Third Circuit Court of Appeals in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). The factors to balance are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (citing Poulis, 747 F.2d at 868).  The Court has weighed the Poulis factors in this case and found that they weigh in favor of dismissal.  First, Plaintiff has failed to cure the deficiencies in his pleading by failing to file a second amended complaint.  Second, Plaintiff is representing himself pro se, and there is no attorney or other party to blame for Plaintiff's failure to follow court orders.  Third, the repeated delays in this case have resulted in obvious prejudice to Defendants.  Fourth, although though he was given opportunities to file a second amended complaint and to file objections to the R&R, Plaintiff has not provided the Court with any reason for his nonperformance.  Accordingly, his failure to prosecute this action must be deemed

willful.  See Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008) (finding plaintiff was not willful

where he was not given an opportunity to explain his reason for failing to attend a hearing).

Fifth, monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent, having

already been granted in forma pauperis status.

Finally, the Court takes special note that this is not the first time that this Court has been

presented with an R&R recommending that the instant case be dismissed for failure to prosecute.

On July 9, 2009, Plaintiff requested leave to amend his complaint.  (Doc. No. 16.)  Judge

Mannion granted Plaintiff's request on July 31, 2009, and ordered that Plaintiff file his amended

complaint on or before August 20, 2009. (Doc. No. 28.)  Plaintiff missed that deadline.  It was

not until September 29, 2009—over a month after his amended complaint was originally

due—that Plaintiff filed a motion for an extension of time to amend. (Doc. No. 32.)  The next

day, on September 30, 2009, Judge Mannion granted the extension until October 30, 2009. (Doc.

No. 33.)  Plaintiff again missed his deadline—causing Judge Mannion to issue his

recommendation on November 25, 2009, that Plaintiff's case be dismissed for failure to

prosecute.  (Doc. No. 35.)  This Court declined to adopt the R&R because the Court found that

there were extenuating circumstances stemming from the incarceration-and-release of Plaintiff.

(See Doc. No. 41.)  However, this Court noted that Plaintiff was no longer incarcerated and that,

going forward, he would be expected to comply with court orders:

> Given that he has now been released from state custody, Plaintiff no
> longer has an excuse for failing to prosecute his claims in a timely
> fashion.  Plaintiff will be given 28 days in order to file his amended
> complaint.  Failure to comply with this deadline will be viewed by
> the Court as evidence of bad faith by Plaintiff.

(Id. at 8.)  As if in déjà vu, the Court finds itself with an almost identical R&R from Judge

Mannion recommending that the case be dismissed.  The second time around, however,

Plaintiff's failure to comply with Court orders warrants no excuse.

ACCORDINGLY, on this 9th  day of June 2011, it is **HEREBY ORDERED THAT** the

Court **ADOPTS** the Report and Recommendation of Judge Mannion.  (Doc. No. 90.)  This case

is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).  Defendant James Evans's

motion for entry of default (Doc. No. 89) is **DENIED AS MOOT**.  The Clerk of Court shall

close the file.

S/ Yvette Kane
Yvette Kane, Chief Judge
United State District Court
Middle District of Pennsylvania

4